Chase Riveland Executive Director Department of Corrections Springs Office Park, North Building 2860 South Circle Drive, Suite 2200 Colorado Springs, CO 80906
Dear Mr. Riveland:
I write in response to your question about the authority of the Division of Correctional Industries to lease real property. You have requested this opinion in order to assess the legal powers and responsibilities of the division with respect to certain proposed lease transactions affecting state lands and buildings presently subject to the possession and control of the Department of Corrections.
QUESTION PRESENTED AND CONCLUSION
Whether or not the Correctional Industries Act, article 24 of title 17, C.R.S. (1978 1984 Supp.), clearly confers upon the Division of Correctional Industries the power and authority to lease real property under the control of the Department of Corrections?
Yes, if the particular transaction is in furtherance of the declared purposes of the Correctional Industries Act, and is not contrary to the constitution, statutes, laws, and regulations of the State of Colorado.
ANALYSIS
By virtue of the Correctional Industries Act, the general assembly clearly conferred upon the Division of Correctional Industries the authority to lease real property for the express purposes stated in the Act.
Section 17-24-106, C.R.S. (1978 1984 Supp.), grants the Division of Correctional Industries broad powers to effectuate its lawful objectives. Specifically, subsection 17-24-106(1) enables the division: "To purchase, lease, trade, exchange, or otherwise acquire, maintain, and dispose of real property and personal property and any interest therein pursuant to law"; "to enter into contracts, execute all instruments, and do all things necessary or convenient in the exercise of the powers granted in this article pursuant to law"; and "to have and exercise all rights and powers necessary or incidental to or implied from the specific powers granted in this article, which powers shall not be considered as a limitation upon any power necessary or appropriate to carry out the purposes and intent of this article." Section 17-24-106(1) (k), (m), (n), C.R.S. (1978). Thus, it is clear that the Division of Correctional Industries has the specific authority to lease land and facilities.
In exercising its leasing authority, the Division of Correctional Industries is required to act in a manner which is consistent with the purposes and intent of the Correctional Industries Act. The declared purposes of the Correctional Industries Act are set forth in subsection 17-24-102(1), C.R.S. (1978 1984 Supp.):
 Create a division of correctional industries which is profit-oriented, which generates revenue for its operations and capital investment, which partly reimburses the general fund for the expense of correctional services, and which assumes responsibility for training offenders in general work habits, work skills, and specific training that increase their employment prospects when released;
 Develop, to the extent possible, industries that provide forty hours of work activity each week for all able-bodied offenders;
Section 17-24-102(1)(a), (b), C.R.S. (1984 Supp.). Consequently, the division's leasing of property must be reasonably calculated under the circumstances to maximize profits, generate revenue for operations and capital investment, and increase work and training opportunities for qualified offenders.
This statutory leasing authority is limited by the language of subsection (1)(k) of section 17-24-106, C.R.S. (1978), which specifies that any lease or other disposition of property is to be made "pursuant to law." Although the phrase "pursuant to law" is not defined in section 17-24-106, C.R.S. (1978 1984 Supp.), it is clear that any particular transaction, in order to be authorized under the Correctional Industries Act, cannot be contrary to the constitution, statutes, laws, and regulations which apply to the transaction.[1]
You have mentioned a number of proposed lease transactions which are or have been under consideration. Because of insufficient information as to the specific title of the real property in question in each of the proposed transactions, I am unable to offer any specific advice concerning these proposed transactions at this time. If you desire such advice or an opinion concerning the proposed transactions, please feel free to contact this office.
It is important to note in closing that I do not here render any opinion regarding the ability of the Division of Correctional Industries to sell real property under the control of the Department of Corrections or to retain or dispose of any rents or other consideration derived from particular lease transactions.[2]
SUMMARY
Section 17-24-106, C.R.S. (1978 1984 Supp.), clearly confers upon the Division of Correctional Industries the power and authority to lease real property under the control of the Department of Corrections. This power is subject to two limitations. First, the leasing of property must be reasonably calculated under the circumstances to maximize profits, generate revenue for operations and capital investment, reimburse the general fund for the expense of correctional services, and increase work and training opportunities for qualified offenders. Second, the leasing of the particular property cannot be contrary to law. The leasing authority of the Division of Correctional Industries depends on the individual facts and circumstances of each particular case.
I trust this is responsive to your inquiry.
Very truly yours,
 DUANE WOODARD Attorney General
CORRECTIONS PROPERTY, REAL LANDLORD AND TENANT
Section 17-24-106, C.R.S. (1978 1984 Supp.) Section 17-24-102, C.R.S. (1978 1984 Supp.) Correctional Industries Act, article 24 of title 17, C.R.S. (1978 1984 Supp.)
CORRECTIONS, DEPT. OF
The Division of Correctional Industries of the Department of Corrections has power and authority under the Correctional Industries Act to lease real property under the control of the Department of Corrections in appropriate cases when such leasing is in furtherance of the declared purposes of the Act and is not contrary to law.
[1] For example, the Constitution of the State of Colorado provides exclusive leasing authority of certain state lands with the Colorado State Board of Land Commissioners. Colo. Const. art. IX, secs. 9-10; In re CanalCertificates, 19 Colo. 63, 34 P. 274 (1893); seealso section 36-1-114, C.R.S. (1973). Thus, attempts by the Division of Correctional Industries to lease real property subject to regulation by the Board of Land Commissioners would not be pursuant to law.
[2] See generally section 24-36-103, C.R.S. (1982).